**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PACIFIC COAST BUILDING PRODUCTS, INC.,

        Plaintiff,

    v.

AIU INSURANCE COMPANY,

        Defendant.

_____/

No. C 05-4976 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant's motion to dismiss plaintiff's complaint came on for hearing before this court on February 1, 2006. Plaintiff Pacific Coast Building Products, Inc. ("Pacific Coast") appeared through its counsel, Richard Shevely, and defendant AIU Insurance Co. ("AIU") appeared through its counsel, Kevin G. McCurdy. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows, for the reasons stated at the hearing.

    1.    Plaintiff's complaint is dismissed for failure to allege horizontal exhaustion of all primary policies which could constitute underlying insurance to the AIU excess policy, as required by California law and Ninth Circuit precedent. See Comm. Redevelopment Agency v. Aetna Cas. & Surety Co., 50 Cal. App. 4th 329 (1996)(holding that this "horizontal exhaustion" rule should be applied in continuous loss cases); Employers Ins. of Wasau v. Granite State Ins. Co., 330 F.3d 1214 (9th Cir. 2003)("liability under a secondary [excess] policy will not attach until all primary insurance is exhausted..."). Plaintiff is granted leave to amend in order to cure this defect.

**United States District Court**
For the Northern District of California

2.      Plaintiff's complaint is dismissed for failure to allege the nature of the claims

for which plaintiff claims coverage.  Since plaintiff alleges that the claims

constitute a continuous loss, the facts supporting the actual claims – including

factual allegations as to their precise nature, time frame, and amounts – are

necessary to determine the scope of coverage, particularly under the

horizontal exhaustion doctrine.  Plaintiff's failure to allege sufficient facts

violates the fair notice requirement.  See, e.g., Yamaguchi v. United States

Dept. Of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997) (pleading must

give "fair notice" of the claim being asserted and the "grounds upon which it

rests"); see also Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992)

(complaint must include "operative facts" upon which claim is based).  Plaintiff

is granted leave to amend in order to properly allege the operative claims at

issue.

In addition to the above, defendant objected that plaintiff originally failed to attach

the operative AIU insurance policy, and therefore failed to properly allege the policy's terms

and conditions.  Defendant's point is well taken.  However, as the court noted at the

hearing, plaintiff's first amended complaint filed subsequent to the filing of defendant's

motion attached the AIU policy as an exhibit, and cures defendant's objection on this point.

Accordingly, defendant's motion to dismiss plaintiff's complaint is GRANTED for the

above reasons.  Plaintiff is granted leave to amend.  Plaintiff shall have thirty days from the

date of this order to amend the complaint.  Defendant shall have until twenty days

thereafter to respond to the amended complaint.

**IT IS SO ORDERED.**

Dated: February 15, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

2